FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2018 MAY 18 PM 1:08

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

EDMUND DISTEFANO, an individual,

Plaintiff,

v.

HAMPTON GOLF, INC., a Florida corporation,

Defendant.

CIVIL ACTION

Case No. 2:18-cv-349-FtM-99MRM

Judge:

Mag. Judge:

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, EDMUND DISTEFANO ("DISTEFANO" or "Plaintiff") by and through undersigned counsel, and states the following for her Complaint:

### CAUSES OF ACTION

1. This is an action brought under the federal Fair Labor Standards Act ("FLSA"), for (1) violation of the FLSA- unpaid wages and overtime, and (2) retaliation in violation of the FLSA.

### PARTIES

2. The Plaintiff, EDMUND DISTEFANO ("DISTEFANO") is an individual and a resident of Florida who currently resides in Collier County, Florida, but who performed services for the Defendant in Lee County, Florida. At all times, DISTEFANO had individual coverage under the FLSA during his employment with the Defendant. DISTEFANO was responsible for being a primary contact between the Defendant and interstate clients and regularly utilized wires in processing credit card payments. DISTEFANO was himself engaged in interstate commerce. DISTEFANO performed work for the Defendant in Lee County, Florida, which is within the Middle District of Florida, during the events giving rise to this case. DISTEFANO was an

1

employee within the contemplation of 29 U.S.C. 203(e)(1). Thus, pursuant to 28 U.S.C. 1391(b), venue for this action lies in the Middle District of Florida.

3. The Defendant, **HAMPTON GOLF, INC.** ("**DEFENDANT**"), is a Florida corporation and is a covered employer under the FLSA (29 U.S.C. §203(d), (r) and (s)). At all material times, the Defendant, which is headquartered in Jacksonville, Florida and manages 23 golf courses and facilities throughout the United States and counting and employs more than 1,500 team members, including more than 40 PGA professionals, including **DISTEFANO**. The Defendant has gross sales well in excess of $500,000.00 per year and is engaged in golf course management and development throughout the United States and is thus engaged in interstate commerce. The Defendant has the sole authority to hire, fire and discipline employees, including **DISTEFANO**, and it supervises and controls the employees' work schedule and conditions of employment, it determines their rate and method of payment for the employees and it maintains employment records of the employees.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act (FLSA") 29 U.S.C. §§216(b) and 217. The jurisdiction of this Court is invoked to secure the protection and redress of the deprivation of rights secured by the FLSA.

5. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which are within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since the action accrued in Lee County, which is within the Fort Myers Division.

## **GENERAL ALLEGATIONS**

6. **DISTEFANO** was hired by the Defendant on or about August 15, 2016 and was employed as a "first assistant golf professional." From the start of his employment until his separation from employment on April 13, 2018, he was paid on an hourly basis.

7. **DISTEFANO** was employed by the Defendant but was required to perform work for which he was not compensated.

8. Rather than pay **DISTEFANO** his lawful overtime, the Defendant required **DISTEFANO** to work off-the-clock, usually requiring him to perform work prior to punching in and requiring him to punch out at the end of his shift but remain working. The Defendant has thus willfully engaged in a pattern and practice of unlawful conduct by failing to record, credit, or compensate Defendant's non-exempt, hourly wage employees, including **DISTEFANO**, for all of the time the Defendant requires or permits such employees to perform work for the benefit of the Defendant.

9. This occurred in approximately 58 weeks during **DISTEFANO**'s employment with the Defendant, which resulted in the denial of substantial unpaid overtime due to **DISTEFANO**.

10. The Defendant also strongly discouraged **DISTEFANO** from properly recording his hours worked, which hours were known to the Defendant to have been worked by **DISTEFANO**.

11. To the extent that such work is performed during a work week in which **DISTEFANO** has, or would have, worked in excess of forty (40) hours per week, such practice further violates the overtime pay provisions of the FLSA by virtue of the Defendant's failure to pay compensation at a rate of one and one-half (1 and 1/2) times **DISTEFANO**'s regular hourly wage rate.

12. The Defendant has denied **DISTEFANO** lawful compensation for approximately 1,700 overtime hours.

13. Defendant's practices are in direct violation of the FLSA, 29 U.S.C. 201 et. seq., and **DISTEFANO** seek injunctive and declaratory relief, compensation, and credit for all unrecorded and uncompensated work required or permitted by Defendant, liquidated and/or other damages as permitted by applicable law, and attorneys' fees and costs.

## COUNT I: VIOLATION OF THE FLSA

14. The Plaintiff hereby incorporate Paragraphs 1-13 in this Count as though fully set forth herein.

15. **DISTEFANO** was a covered, non-exempt employee under the FLSA at all times during his employment with the Defendant.

16. The Defendant was required by the FLSA to pay **DISTEFANO** at least time and one-half for all hours worked by **DISTEFANO** in excess of 40 hours in a week.

17. The Defendant had operational control over all aspects of **DISTEFANO**'s day-to-day functions during his employment, including compensation.

18. The Defendant was, and is, **DISTEFANO**'s "employer" and is liable for violations of the FLSA in this case.

19. The Defendant violated the FLSA by failing to pay **DISTEFANO** at least time and one-half for all hours worked over 40 in a week.

20. The Defendant has willfully violated the FLSA in refusing to pay **DISTEFANO** proper overtime for all hours worked by her over 40 in a week.

21. As a result of the foregoing, the **DISTEFANO** has suffered damages of lost wages.

22. The Defendant is the proximate cause of the **DISTEFANO**'s damages.

**WHEREFORE,** Plaintiff prays that this Honorable Court enter a Judgment in her favor and against the Defendant for an amount consistent with evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: May 14, 2018

Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
YORMAK EMPLOYMENT &DISABILITY LAW
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com