IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.: 2:18-cv-349-FtM-99MRM

EDMUND DISTEFANO, an individual,

    Plaintiff,

 vs.

HAMPTON GOLF, INC., a Florida corporation,

    Defendant.

_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

Plaintiff, Edmund Distefano and Defendant, Hampton Golf, Inc. (collectively "the Parties"), by and through their undersigned counsel, jointly request that this Court approve the terms of the Parties' settlement of the above captioned matter and dismiss this case with prejudice. The Settlement Agreement has been attached for the Court's review. See **Exhibit A**.

## I. Legal Principles

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an order approving the settlement. *Id*; *see also Sculte, Inc. v. Gandi*, 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961(5th Cir. 1947). In detailing the circumstances justifying

court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.
>
> *Lynn's Food Stores*, 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiff's FLSA claims against Defendant. The proposed settlement arises out of an action brought by the Plaintiff against her former employer, which was adversarial in nature. During the litigation and settlement of this action, the Plaintiff and the Defendant were represented by experienced counsel. After suit was filed, the parties exchanged time and payroll records and other voluminous documentation pursuant to the FLSA Scheduling Order and in response to the Court's written discovery. The parties attended a settlement conference on August 29, 2018 and attempted to reach settlement. While the parties did not reach settlement at that conference, they engaged in robust discovery. This included several sets of written discovery, Plaintiff's deposition and substantial discovery regarding Plaintiff's hours worked for a third-party company as an independent contractor, which could have devalued Plaintiff's overtime claim. Settlement negotiations then continued over the next couple of months and additional information was exchanged. Eventually, the parties were able to reach the terms of a final settlement, subject to court approval. Undersigned counsel for the Plaintiff has evaluated all of the circumstances including the amount of the proposed settlement and the strengths and

weaknesses of the case. After carefully being advised, the parties have elected to accept the terms of the settlement and has signed the Settlement Agreement.

## II.     Terms of FLSA Settlement

### A.  Plaintiff's Recovery

Plaintiff will receive a total settlement in the amount of $20,130, representing $10,065 in alleged unpaid overtime wages and $10,065 in liquidated damages. The settlement amount to Plaintiff is less than the total estimated claim made by the Plaintiff in his FLSA interrogatories ($33,300.32). However, the amount of the settlement is a fair and reasonable compromise of Plaintiff's claims based upon disputed issues of fact and law between the parties.

The Defendant denied any liability and disputed that Plaintiff had worked in excess of 40 hours in a workweek during his employment or, assuming that the Plaintiff had worked in excess of 40 hours, Defendant maintained the number of hours of overtime hours were far less than what was claimed by the Plaintiff. In this case, the Defendant maintained time records and the Defendant disputed the Plaintiff's estimations. While the Plaintiff did often work significant overtime, it became undisputed that the Defendant paid the Plaintiff for all hours that appeared on his time card. This issue in this case then became whether or not the Defendant's time records were accurate and, if they were not, whether the Defendant had actual or constructive knowledge of the Plaintiff's alleged overtime hours worked. Finally, the parties disputed whether liquidated damages were warranted given that the Plaintiff was claiming hours worked off the clock, and was paid in full for overtime for hours worked at the Defendant's golf shop, assuming such hours appeared on his time card. Despite extensive discovery, the parties agreed that genuine issues of disputed facts remained, namely whether the Plaintiff was required to work off the clock and if so, how much uncompensated work was performed by the Plaintiff. After an extensive review of the record

3

evidence, including third-party records of Plaintiff's other employment, the parties agreed that Plaintiff's overtime estimations in his FLSA interrogatories were unlikely to be substantiated at trial and that in actuality they would have been roughly 1/3 of the amount he initially claimed. This case would have been expensive to litigate through trial, particularly given the disputed issues and amount of electronic discovery, all of which would have been unlikely to definitively resolve this case in favor of either party. Moreover, had the case gone to trial, the Plaintiff would have had to use an IT expert, and the Defendant likely would have had to do the same. Given the number of disputed issues, the amount of money in controversy, and the cost of litigation (which easily would have exceeded the amount the parties have agreed to settle this matter for), the parties believe that the settlement is a fair and reasonable compromise of a disputed claim.

### B. Attorney's Fees/Costs

Separately, Plaintiff's counsel will be paid $12,870 as payment for attorney's fees and costs. Plaintiff's attorney's fees and costs were negotiated separately from Plaintiff's settlement and without regard to the amount to be paid to the Plaintiff. As such, no judicial review is necessary. *See Bonetti v. Embarq Mgmt. Co.*, 2009 WL 2371407, * 5 (M.D. Fla. Aug. 4, 2009).

## III. Conclusion

The Parties jointly request that this Court approve the Settlement Agreement of the Parties, and dismiss the instant action with prejudice.

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*Respectfully submitted*,

| | |
|---|---|
| *s/ Benjamin H. Yormak*<br>BENJAMIN H. YORMAK<br>FBN: 71272<br>YORMAK EMPLOYMENT & DISABILITY LAW<br>9990 Coconut Road<br>Bonita Springs, FL 34135<br>(239) 985-9691 (phone)<br>(239) 288-2534 (fax)<br>byormak@yormaklaw.com<br>Counsel for Plaintiff, EDMUND DISTEFANO | *s/ James F. Butler Jr.*<br>PATRICK M. BOLAND<br>Florida Bar No.: 93896<br>JAMES F. BUTLER, JR.<br>Florida Bar No.: 124949<br>Primary e-mail: patrick.boland@csklegal.com<br>Secondary e-mail:<br>james.butler@csklegal.com<br>Alternate e-mail: noemi.rodas@csklegal.com<br>COLE, SCOTT & KISSANE, P.A.<br>Cole, Scott & Kissane Building<br>27300 Riverview Center Boulevard<br>Suite 200<br>Bonita Springs, Florida 34134<br>Telephone (239) 690-7900<br>Facsimile (239) 738-7778<br>Counsel for Defendant, HAMPTON GOLF, INC. |

# EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement ("**Agreement**") is made by and between EDMUND DISTEFANO ("**Plaintiff**"), and HAMPTON GOLF, INC., ("**Defendant**").

## RECITALS

**WHEREAS**, on May 18, 2018, Plaintiff filed suit against Defendant in Federal Court for the Middle District of Florida (Case Number 2:18-cv-349-FtM-99MRM) alleging violation of the overtime provisions of the Fair Labor Standards Act ("FLSA");

**WHEREAS**, PLAINTIFF and DEFENDANT have reached a final settlement; and now mutually desire to settle PLAINTIFF'S claims under the FLSA as well as extinguish all claims between them pursuant to this written Settlement Agreement;

**NOW, THEREFORE**, in consideration of the mutual promises set forth in this Agreement, PLAINTIFF and DEFENDANT agree as follows:

1. **MONETARY CONSIDERATION:**  DEFENDANT shall pay the gross settlement sum of Thirty Three Thousand Dollars (**$33,000**), which gross sum shall be paid and allocated as follows:

    a. **FLSA Overtime Claim:** (i) Ten Thousand Sixty-Five Dollars (**$10,065.00**) shall be allocated for settlement of PLAINTIFF'S FLSA overtime claim, and (ii) Ten Thousand Sixty-Five Dollars ($10,065.00) shall be allocated for liquidated damages;

    b. **Attorney's Fees and Costs:** Twelve Thousand Eight Hundred and Seventy Dollars (**$12,870**) shall be allocated as attorney's fees and costs for Plaintiff's counsel, "Yormak Employment & Disability Law" (Employer ID #81-0955723).

2. **TIMING OF PAYMENTS / DISTRIBUTION:** The above gross sum shall be tendered in two separate checks, as follows:

    a. **Check One:** Twenty Thousand One Hundred and Thirty Dollars (**$20,130**), made payable to **"Edmund Distefano,"** in consideration of alleged overtime wages and liquidated damages.

    b. **Check Two:** Twelve Thousand Eight Hundred and Seventy Dollars (**$12,870**), made payable to **"Yormak Employment & Disability Law"** in consideration of attorneys' fees and costs.

Both checks shall be tendered to Plaintiff's counsel, Benjamin H. Yormak, Esq., such that

they are **received within thirty (30) days of entry of the Court's Order approving the Settlement Agreement**. The above payments shall be tendered by delivery to: **Yormak Employment & Disability Law, 9990 Coconut Road, Bonita Springs, Florida 34135**. Plaintiff's counsel shall withhold any disbursement of funds until the court has approved this Settlement Agreement.

3. <u>**TAXATION**</u>**:** The payments described above shall be tendered in full, with no withholdings. Pursuant to the terms of this Settlement Agreement, DEFENDANT shall issue two separate IRS 1099 Forms, one to Plaintiff representing all sums to be paid to PLAINTIFF, and one to Plaintiff's counsel, separately, representing all sums paid to Plaintiff's counsel. Plaintiff accepts sole responsibility for the reporting and payment of his own taxes under this Agreement.

4. <u>**COURT APPROVAL AND DISMISSAL OF ACTION**</u>: Pursuant to the court's FLSA Scheduling Order and *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), the parties authorize their respective attorneys to give notice to the court and to effectuate the dismissal with prejudice of the civil case, including a Motion to Approve Settlement Agreement. The parties authorize their counsel to take any necessary action to effectuate approval of the Settlement Agreement and, to the extent necessary, to engage in good faith to modify or eliminate any terms which the court requires or declines to approve. If required by the court, the parties agree to cooperate and to modify any provisions of this Settlement Agreement and to promptly re-sign a revised Settlement Agreement. If the general release provisions are not approved by the Court, the Parties agree that their inclusion was not condition of settlement, and the settlement will still be valid if the Court declines to approve those terms and allows for only a release of the Plaintiff's FLSA wage claims.

5. <u>**NO ADMISSION OF LIABILITY**</u>**:** DEFENDANT has made this payment for business reasons and it denies any liability associated with Plaintiff's claims.

6. <u>**FULL SETTLEMENT OF WAGE CLAIM**</u>: Plaintiff knowingly and voluntarily releases and forever discharges the Defendant, its respective parent corporations, affiliates, subsidiaries, divisions, predecessors, co-employers, insurers, successors and assigns, and their current and former employees, attorneys, shareholders, partners, officers, directors, board members, owners and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which Plaintiff has or may have against Releasees as of the date of execution of this Agreement, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201,

et seq., and any other theory relating to a wage and hour claim, including but not limited to any claims for unjust enrichment, which are or could have been encompassed in the Litigation. In connection with this settlement, the parties, through counsel, exchanged information and/or records regarding hours worked and pay received. The parties agree that the settlement sum set forth in Sec. 1 (a) of this Agreement represents full satisfaction and payment of any alleged overtime and liquidated damages. The parties have negotiated attorney's fees and costs separately, and attorney's fees and costs have been approved by PLAINTIFF and DEFENDANT.

7. **NEUTRAL REFERENCE:** DEFENDANT agrees to provide the PLAINTIFF a neutral reference on company letterhead confirming dates or employment and positions held. Should a prospective employer inquire as to additional information, including eligibility for rehire, DEFENDANT shall state that it is the policy of the company to confirm only positions held and dates of employment.

8. **ENFORCEMENT / ATTORNEYS' FEES:** In the event that either party is required to enforce this Agreement, the prevailing party shall be entitled to costs and reasonable attorney's fees.

9. **ENTIRE AGREEMENT:** This Agreement contains the entire agreement and understanding between the parties with respect to the subject matter discussed herein.

10. **SEVERABILITY:** If any provision of this Agreement is held invalid, such invalidation shall not affect other provisions of this Agreement; to this end, the provisions of this Agreement shall be severable.

11. **MODIFICATION:** This Agreement may only be modified by a subsequent writing signed by the parties, or to comply with any court-imposed conditions required for approval of the Agreement, as detailed in paragraph 4, above.

12. **KNOWING AND VOLUNTARY:** PLAINTIFF acknowledges that he has been represented by counsel throughout this case and that he has been thoroughly advised regarding all his rights. PLAINTIFF signs this Agreement knowingly and voluntarily with a full understanding of its terms and his rights. PLAINTIFF is specifically aware of, and agrees to, the allocation of the settlement funds herein, including the payment of attorney's fees and costs. PLAINTIFF acknowledges that the amount of attorneys' fees and costs is reasonable and was agreed-upon separately and without regard to the amount paid to PLAINTIFF. PLAINTIFF understands and agrees that such payment to his attorney is in full and final satisfaction of any claim for attorneys' fees arising out of this action.

13. **EXECUTION/ORIGINALS NOT REQUIRED:** This Agreement may be signed in counterparts. A signed copy of this Agreement, if transmitted by email or fax, shall be effective and binding as if it were an original.

**THE PARTIES HAVE EXECUTED THIS SETTLEMENT AGREEMENT AND AGREE TO ITS TERMS AS OF THE DATE BELOW.**

EDMUND DISTEFANO ("PLAINTIFF")

X _____

Date: _____

HAMPTON GOLF, INC. ("DEFENDANT")

X _____

Name: _____

Its: President

Date: August 1, 2019

**13. EXECUTION/ORIGINALS NOT REQUIRED:** This Agreement may be signed in counterparts. A signed copy of this Agreement, if transmitted by email or fax, shall be effective and binding as if it were an original.

**THE PARTIES HAVE EXECUTED THIS SETTLEMENT AGREEMENT AND AGREE TO ITS TERMS AS OF THE DATE BELOW.**

EDMUND DISTEFANO ("PLAINTIFF")

X _____

Date: _____8/1/19_____

HAMPTON GOLF, INC. ("DEFENDANT")

X _____

Name: _____

Its: _____

Date: _____